**Freddy L. JACKSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–238.**

Court of Criminal Appeals of Oklahoma.

June 16, 1976.

Leslie R. Earl, Jr., Public Defender, Pete Silva, Jr., Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

OPINION

BRETT, Presiding Judge.

Appellant, Freddy L. Jackson, hereinafter referred to as defendant, was convicted after a trial by jury of the crime of Grand Larceny, After Former Conviction of a Felony, in Case No. CRF–73–1083, of the District Court, Tulsa County. Judgment was entered in accordance with the verdict of the jury, and the defendant sentenced to a term of ten (10) years in the State penitentiary. From that judgment and sentence the defendant has perfected this timely appeal.

■ Defendant's brief argues one proposition: that the sentence of ten (10) years' imprisonment is excessive punishment and that this Court should exercise its power to reduce that term of imprisonment. We have reviewed the whole of the record in this case and find nothing in it to support such a claim.

At trial the State presented overwhelming evidence of the defendant's guilt. A Tulsa County deputy sheriff and part-time security officer for Safeway Stores, Inc., saw the defendant and two women companions enter a Safeway Store at approximately 10:15 one evening. He waited and watched as the three emerged several minutes later. He saw the defendant hold open the automatic entrance door and beckon to one of the women who came through the door pushing a grocery cart loaded with cuts of meat. He saw that the woman had not taken the basket through a check-out stand. Once outside, the deputy testified, the defendant and his companion ran with the basket of meat toward their automobile where the second woman waited with the trunk lid raised. The deputy allowed the three to load a portion of the meat into the trunk and then approached and told them they were under arrest. A manager of the store testified that, summoned by the deputy, he came to the parking lot and inventoried the load of meat. The retail value of the meat was $126.02.

The record before us is unblemished by errors which might have prejudiced the jury and resulted in an unfairly severe sentence.

Finally, the record reveals that this defendant during the four years preceding his trial had been convicted of four previous felonies.

■ The question of whether punishment is excessive, as we have so often repeated, must be determined by a study of all the facts and circumstances in each case; this Court lacks the power to modify a sentence unless we can conscientiously say that under the facts and circumstances, the sentence is so excessive that it shocks the conscience of this Court. *Poke v. State*, Okl.Cr., 515 P.2d 252 (1973); *Moore v. State*, Okl.Cr., 501 P.2d 529 (1972). It is clear that under the circumstances presented by the record now before us a sentence of ten (10) years' imprisonment is entirely appropriate; nothing in this record warrants modification of that sentence.

The judgment and sentence appealed from is *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.